RICHARD KIMBLE *v.* RUTH ELIZABETH KEEFER

[No. 274, September Term, 1970.]

*Decided January 25, 1971.*

The cause was argued before MURPHY, C.J., and AN-DERSON and MORTON, JJ.

*Earl E. Manges* for appellant.

*James G. Klair, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Donald W. Mason, State's Attorney for Allegany County,* and *Paul J. Stakem, Assistant State's Attorney for Allegany County,* on the brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

This is an appeal from a decree adjudging appellant to be the father of appellee's child and directing him to support the child and pay certain expenses incurred in connection with the child's birth.

Appellee mother—19 years of age and unmarried — testified to having sexual intercourse with appellant in 1969 on two occasions—at the end of May and early in June. She stated that her last menstrual period was at

the beginning of May; that she had intercourse on two occasions with another man several months prior to her last menstrual period; but that she had intercourse with appellant and only him subsequent to her last menstrual period. She testified that two other persons—whom she named—were present during her intercourse with appellant in June. No contraceptives were used.

Appellant testified on his own behalf. He admitted being in appellee's presence in June of 1969 but denied having intercourse with her. Neither of the alleged eyewitnesses to the June intercourse were called to testify. A blood test was taken; it did not exclude appellant as the father of the child.

The case having been tried by the court without a jury, the sole question presented on appeal is whether the trial judge was clearly erroneous in determining that appellant was the father of appellee's child.

Paternity proceedings instituted under Maryland Code, Article 16, Section 66A, *et seq.*, are civil proceedings. *Corley v. Moore,* 236 Md. 241. The burden of proof is upon the petitioner—in this case the mother. She is required to establish, by a fair preponderance of the affirmative evidence, that the defendant is the father of the child. Code, Article 16, Section 66F (b) ; *Corley v. Moore, supra.* The mother's testimony standing alone may be sufficient to establish the necessary elements of the alleged father's paternity. Schlatkin, *Disputed Paternity Proceedings,* 4th Ed., p. 74. In the present case, the mother's testimony, if believed, would establish that her act of sexual intercourse with the appellant caused the onset of pregnancy and that the appellant to the exclusion of all others was the father of her child. On the evidence in this case, we cannot say that the trial judge, who had the opportunity to judge the credibility of the witnesses, was clearly erroneous. See Maryland Rule 1086.

*Decree affirmed; costs to be paid by appellant.*