## J. WHITSON ROGERS, INC. *v.* BOARD OF COUNTY COMMISSIONERS OF ST. MARY'S COUNTY, MARYLAND

[No. 106, September Term, 1978.]

*Decided August 20, 1979.*

654

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, ORTH, COLE and DAVIDSON, JJ.

*Stephen J. Braun,* with whom were *Mudd, Mudd & Munday, P.A.* on the brief, for appellant.

*Paul T. Johnson,* with whom was *Joseph Ernest Bell, II,* on the brief, for appellee.

COLE, J., delivered the opinion of the Court.

This is an appeal by J. Whitson Rogers, Inc. (Rogers, Inc.) from a decree of the Circuit Court for St. Mary's County which enjoined Rogers, Inc. from committing further violations of the Sedimentation Control Ordinance of St. Mary's County (the Ordinance) and ordered Rogers, Inc. to obtain a grading permit and to restore the natural drainage across a lot located in St. Mary's County.

On January 7, 1976 Rogers, Inc. conveyed a parcel of land and the improvements thereon in St. Mary's County by deed to Edward J. Gardner and Nancy D. Gardner (the Gardners). A permit to build a two bedroom house on this property had been issued by the Office of the Planning and Zoning

Commission of St. Mary's County on January 25, 1974. On the same date, a "Sediment Control Plan for Individual Residential Lot" was also obtained for the lot.

During the time between the issuance of the building permit and sediment control plan and the January 7, 1976 conveyance, a residence had been built and grading work performed on the property. Prior to construction, the central portion of the lot contained a drainage swale, but after construction the swale was closed. The filling of the swale impaired the existing natural drainage and caused water to back up onto other adjoining properties.

On March 19, 1976, John B. Norris, Jr., the County Engineer, wrote to J. Whitson Rogers, President of Rogers, Inc. to put the corporation on notice, as builder of the house, that the drainage problem violated the Ordinance. Mr. Rogers replied on April 8, 1976 that the sediment control plan was taken out by someone other than himself. Several letters were exchanged between Mr. Norris and Mr. Rogers relating to the problem, but no agreement was reached. Consequently, the Board of County Commissioners of St. Mary's County (the Board) filed a bill of complaint for injunctive relief against Rogers, Inc. on July 15, 1976 in the Circuit Court for St. Mary's County, alleging that Rogers, Inc. had violated the Ordinance.[1]

Prior to commencement of trial Rogers, Inc. made a motion raising preliminary objection on the ground that the circuit court lacked jurisdiction as a court of equity over the subject matter of the case, which was denied. At trial the Board presented evidence to show the existence of the building permit and sediment control plan and to establish that the

---

[1]. Section 16.03 of the St. Mary's County Sedimentation Control Ordinance (1971) authorizes the county to prosecute and seek ex parte injunctive relief against violators:

(a) Any violations of this Subtitle shall be a misdemeanor punishable by a fine of not more than one thousand dollars ($1,000) or six months imprisonment for each and every violation, or both fine and imprisonment, in the discretion of the judge. Every day that said violation continues shall be a separate offense.

(b) Injunctions — In addition to all other remedies provided by law, (St. Mary's County) shall have the right of ex parte injunctive relief against a violator requiring correction or elimination of any violation.

grading and fill work conducted on the lot violated the Ordinance. The Board also tried to prove that Rogers, Inc. was responsible for the violation. According to the Board's witnesses, an application for an on-site septic system for the property, made late in 1973, indicated that Rogers, Inc. was the owner of the lot. Apparently in December, 1973 Rogers, Inc. was notified that the lot would not pass county topographic standards, and in the early part of 1974 Rogers, Inc. submitted a new topographic survey with a reapplication for the septic system which showed that the lot had been filled and graded in the interval. Before the Gardners settled on the house, a gully developed on the property. Rogers, Inc. had promised to correct both problems but had still not done so when settlement on the house took place in January, 1976.

At the close of the Board's case, Rogers, Inc. moved to dismiss the action, arguing that the Board had failed to produce any evidence that the corporation had performed any work on the property or was responsible for violations of the Ordinance. This motion was also denied.

In its opinion the circuit court found that Rogers, Inc. was the owner of the subject property at the time the filling and grading work was performed. The court noted that the deed from Rogers, Inc. to the Gardners indicated that Rogers, Inc. owned the lot between March 28, 1974 and January 7, 1976. In addition, the court stated, the fact that the deed was signed by Mr. Rogers as president of Rogers, Inc. indicates that title was in the corporation until the time of the conveyance to the Gardners. The court then reasoned that as owner of the property, Rogers, Inc. was responsible for whatever happened on it. The court said that irrespective of who placed the fill on the property, Rogers, Inc. had reaped the benefit of the work on the land through the sale of the property to the Gardners in 1976 and that the corporation could not evade its responsibility by denying that the corporation itself performed the grading work.

The circuit court also found that the blocked natural drainage constituted a public wrong because other properties were affected by the improper landfill. Since the blocking of

natural drainage is prohibited by the Ordinance,[2] the court stated, Rogers must correct the situation. Accordingly, the circuit court entered a decree which, first, enjoined Rogers, Inc. from further violation of the Ordinance with respect to the property and second, ordered that Rogers, Inc. immediately apply for and obtain a grading permit pursuant to the Ordinance and perform whatever work as may be required to restore the natural drainage across the lot.

Rogers, Inc. filed an order for appeal to the Court of Special Appeals, but we issued a writ of certiorari while the matter was still pending before that court. We shall address three issues: whether the circuit court was without jurisdiction to grant equitable relief and thus erred in denying Rogers, Inc.'s motion raising preliminary objection; whether the circuit court erred in denying Rogers, Inc.'s motion to dismiss; and whether the circuit court's finding that Rogers, Inc. had violated the Ordinance was clearly erroneous.

Rogers, Inc. argues that jurisdiction in equity did not exist because St. Mary's County was not an aggrieved party. Instead, Rogers, Inc. suggests that the Gardners are the only persons aggrieved and that they have a complete and

---

2. The circuit court did not specifically state which provisions of the St. Mary's County Sedimentation Control Ordinance had been violated. It appears to us that the work performed on lot 905 by Rogers, Inc. was illegal because Rogers, Inc. did not obtain a grading permit from the county as required by §§ 3.01 and 4.04 of the Ordinance:

3.01 No person shall do any grading, stripping, excavating or filling of land, or create borrow pits, spoil areas, quarries, material processing facilities or any other facility without first obtaining a grading permit from the County Engineer's Office except as provided for in this Ordinance.

Section 4.00—EXCEPTIONS

A grading permit shall not be required for the following:

4.04 A fill which:

(a) does not impair existing surface drainage, constitute a potential erosion hazard or act as a source of sedimentation to any adjacent land or water course . . . .

adequate remedy at law in an action for damages. Therefore, Rogers, Inc. contends that the circuit court should have granted its motion raising preliminary objection. Rogers, Inc. contends that the circuit court also erred in denying its motion to dismiss because the evidence presented to show that it was responsible for the construction and grading work amounts to no more than mere "speculation, hypothesis and conjecture." Finally, Rogers, Inc. insists that the circuit court's finding that it had violated the Ordinance was clearly erroneous.

The Board, on the other hand, argues that the circuit court properly exercised its equity jurisdiction. The Board contends that St. Mary's County is an aggrieved party because it was entrusted by the General Assembly with the power to protect its water and land resources in Code (1974, 1978 Supp.), §§ 8-1101 et seq. of the Natural Resources Article and because the Board has authority to prosecute violations of the Ordinance. The Board further argues that St. Mary's County had no adequate remedy at law. Next, the Board asserts that the circuit court properly refused to grant Rogers, Inc.'s motion to dismiss. In conclusion, the Board contends that the record fully supports the circuit court's determination that Rogers, Inc. was responsible for the violation of the Ordinance and that a mandatory injunction was a proper remedy.

The answer to the question raised by Rogers, Inc. as to whether the circuit court had jurisdiction to grant equitable relief is simple. The circuit court had jurisdiction because the Legislature said so. St. Mary's County is expressly empowered by Code (1974, 1978 Supp.), § 8-1108 [3] of the Natural Resources Article to seek injunctive relief for a

---

3. Section 8-1108 of the Natural Resources Article provides:

(a) Any person who violates any provision of this subtitle is guilty of a misdemeanor, and upon conviction in a court of competent jurisdiction is subject to a fine not exceeding $5,000 or imprisonment not exceeding one year or both for each violation with costs imposed in the discretion of the court.

(b) Any agency whose approval is required under this subtitle or any interested person may seek an injunction against any person who violates or threatens to violate any provision of this subtitle.

violation of §§ 8-1101 et seq. by any "person." [4] Sections 8-1103 and 8-1104 of the Natural Resources Article authorize the county to supervise all grading and building by a permit system which includes the submission of sediment control plans by developers.[5] Here St. Mary's County petitioned the circuit court for injunctive relief for the purpose of enforcing its own Sedimentation Control Ordinance which implements the State program of protecting natural water and land resources as set forth in §§ 8-1101 et seq. of the Natural Resources Article. The matter was squarely within the

---

4. Section 8-101 (h) of the Natural Resources Article provides [emphasis supplied]:

(h) *"Person"* includes the federal government, the State, any county, municipal corporation, or other political subdivision of the State, or any of their units, or an individual, receiver, trustee, guardian, executor, administrator, fiduciary, or representative of any kind, or any partnership, firm, association, public or *private corporation,* or any other entity.

5. Section 8-1103 of the Natural Resources Article provides:

(a) A county or municipality may issue grading and building permits as provided by law. A grading or building permit may not be issued until the developer (1) submits a grading and sediment control plan approved by the appropriate soil conservation district, and (2) certifies that all land clearing, construction, and development will be done under the plan. Criteria for sediment control and the procedure for referring an applicant to the appropriate soil conservation district shall be acceptable to the soil conservation district and the department. The county or municipal unit responsible for on-site inspection and enforcement of the provisions of this subtitle shall make a final inspection and forward its report to the appropriate soil conservation district. Notice of violations of the provisions of this subtitle shall be filed with both the department and the appropriate county unit.

(b) Each county or municipality shall adopt grading and building ordinances necessary to carry out the provisions of this subtitle, with the assistance of the department and the appropriate soil conservation district.

Section 8-1104(a) of the same article provides:

(a) *Review and approval by soil conservation district. —* Before any person clears, grades, transports or otherwise disturbs land for any purpose including, but not limited to constructing buildings, mining minerals, developing golf courses, or constructing roads and streets, the appropriate soil conservation district first shall receive, review, and approve the proposed earth change. Land clearing, soil movement, and construction shall be carried out in accordance with the written recommendations of the soil conservation districts regarding control of erosion and siltation and elimination of pollution.

jurisdiction of the circuit court and it properly issued an injunction to remedy the damage being caused, thereby carrying out the policy as announced by the General Assembly.[6]

We now turn to the second issue, whether the circuit court erred in denying Rogers, Inc.'s motion to dismiss. Maryland Rule 535 provides that in a non-jury case any party "may move at the close of the evidence offered by an opponent for a dismissal on the ground that upon the facts and the law he has shown no right to relief." The trial judge should proceed exactly as when a motion for a directed verdict is filed in a jury case. The judge must consider the evidence and all logical and reasonable inferences therefrom in the light most favorable to the non-moving party. *E.g., Wash. Sub. San. Comm'n v. TKU Associates,* 281 Md. 1, 376 A. 2d 505 (1977); *Hooton v. Kenneth B. Mumaw P. & H. Co.,* 271 Md. 565, 318 A. 2d 514 (1974); *Snider Bros., Inc. v. Heft,* 271 Md. 409, 317 A.2d 848 (1974). The main purpose of Rule 535 is "to allow a party to test the legal sufficiency of his opponent's evidence before submitting evidence of his own." *Smith v. State Roads Comm.,* 240 Md. 525, 539, 214 A. 2d 792 (1965). To withstand a motion to dismiss, the evidence offered by the non-moving party must be of "legal probative force and evidential value" and amount to more than a mere scintilla of evidence such as surmise, conjecture, or possibility. *Arshack v. Carl M. Freeman Assoc.,* 260 Md. 269, 272 A. 2d 30 (1971); *Isen v. Phoenix Assurance Co.,* 259 Md. 564, 270 A. 2d 476 (1970).

Our review of the evidence leads us to conclude that the circuit court properly refused to grant Rogers, Inc.'s motion to dismiss. The Board presented more than a mere scintilla

---

**6.** Code (1974, 1978 Supp.), § 8-1101 of the Natural Resources Article reads in part as follows:

> The General Assembly determines and finds that lands and waters comprising the watersheds of the State are great natural assets and resources.... *To protect the natural resources of the State, the Secretary shall adopt criteria and procedures for the counties and the local soil conservation districts to implement soil and shore erosion control programs. These procedures may provide for departmental review and approval of major grading, sediment, and erosion control plans.* [emphasis supplied]

of evidence which either directly or by logical and rational inference tends to prove that Rogers, Inc. was responsible for the grading and construction work. The deed between Rogers, Inc. and the Gardners indicates that Rogers, Inc. owned the lot from March 28, 1974 to January 7, 1976. The testimony by county officials and by the Gardners indicated that grading work had been performed in 1974 and 1975. Further, the record contains evidence that between December, 1973 and the early part of 1974 someone representing Rogers, Inc. applied for a permit for an on-site septic system for the property and was denied the permit, but that subsequently the permit was granted on the basis of topographic surveys submitted by Mr. Rogers, the first survey showing a steep drainage swale and the second showing a fill where the swale had been. In addition, the sediment control plan shows that someone signed the document as J. Whitson Rogers, "owner or other responsible person." The building permit also was signed by someone who wrote Mr. Rogers' name. Both the plan and the permit list the corporate address of Rogers, Inc. below the Rogers' signature. Finally, Rogers, Inc. promised the Gardners that it would repair the gully on the lot which developed in late 1975, which suggests that the corporation considered itself responsible for the condition of the property before the conveyance to the Gardners. Such evidence would also support the theory advanced by the Board that a corporation may be bound by even unauthorized acts of its agents if it ratifies those acts by accepting the benefits therefrom. *See Linden Homes, Inc. v. Larkin,* 231 Md. 566, 191 A. 2d 441 (1963); *Webb v. Duvall,* 177 Md. 592, 11 A. 2d 446 (1940). In the instant case, the Board contends that Rogers, Inc. retained the benefits of the supposedly unauthorized acts of its agents because it did not repudiate the actions which enabled it to build and sell the house on the property. We agree and, therefore, hold that Rogers, Inc.'s motion to dismiss was properly denied.

The last issue is whether the circuit court's finding that Rogers, Inc. had violated the sedimentation control ordinance was clearly erroneous. Maryland Rule 886 sets forth the

standard for review by this Court of a chancellor's findings: "the judgment of the lower court will not be set aside on the evidence unless clearly erroneous and due regard will be given to the opportunity of the lower court to judge the credibility of the witnesses." We have interpreted this rule to mean that "we consider the evidence produced at trial in a light most favorable to the prevailing party; and if substantial evidence is present to support the trial court's determination, it is not clearly erroneous and hence will not be disturbed on appeal." *Maryland Metals v. Metzner,* 282 Md. 31, 41, 382 A. 2d 564 (1978). *See also Ross v. Hoffman,* 280 Md. 172, 372 A. 2d 582 (1977); *Ryan v. Thurston,* 276 Md. 390, 347 A. 2d 834 (1975); *Isle of Thye Land Co. v. Whisman,* 262 Md. 682, 279 A. 2d 484 (1971); *Whitehurst v. Whitehurst,* 257 Md. 685, 264 A. 2d 822 (1970).

Simply stated, the record contains substantial evidence to support the trial court's determination that Rogers, Inc. had violated the Ordinance. Rogers, Inc. did not challenge the circuit court's finding that the grading work violated the Ordinance; rather, Rogers, Inc. argues that "there was no substantial evidence introduced by ... [the Board] ... to support the fact that the Defendant, J. Whitson Rogers, Inc., was involved in any manner with the construction and grading work performed on the subject lot." We do not agree. The evidence introduced by the Board, which we have already reviewed with regard to Rogers, Inc.'s motion to dismiss, that Rogers, Inc. itself or through its agents caused the grading work to be performed, is overwhelming. The only testimony adduced by Rogers, Inc. at trial concerned the boundary lines of the lot. At no time did Rogers, Inc.· attempt to disprove its alleged connection with the grading work by more than mere denials of its involvement. Giving due deference to the opportunity of the circuit court to judge the credibility of the witnesses and viewing the evidence produced at trial in a light most favorable to the Board, we cannot say that the circuit court's finding that Rogers, Inc. had violated the Ordinance was clearly erroneous.

Since our resolution of the three issues posed by this appeal confirms the propriety of the circuit court's exercise of equity

jurisdiction and its disposition of the instant case, we affirm the judgment of the Circuit Court for St. Mary's County.

*Judgment affirmed; appellant to pay the costs.*