472 A.2d 497

Kimberly COLGAN

v.

William HAMMOND.

No. 753, Sept. Term, 1983.

Court of Special Appeals of Maryland.

March 12, 1984.

Arnold V. Hawkins, Staff Atty., Baltimore, with whom were Stephen H. Sachs, Atty. Gen., Joseph B. Spillman, Asst. Atty. Gen. and Geoffrey S. Black, Asst. State's Atty. for Carroll County on the brief, for appellant.

Christopher H. Hill, Severna Park, for appellee.

Argued before MOYLAN, BISHOP and BELL, JJ.

BELL, Judge.

The Circuit Court for Carroll County sitting without a jury, granted a motion to dismiss the paternity petition filed by Kimberly Colgan (Ms. C.) against William Hammond (Mr. H.) at the close of Ms. C.'s case.

The sole issue on appeal is whether the trial court erred in granting that motion.

We hold that it did.

## FACTS

Ms. C., an unmarried woman, filed a paternity petition against Mr. H. asking the court to declare him the father of her infant daughter and order him to pay reasonable child support. At trial, Ms. C. informed the court that she had intercourse exclusively with Mr. H. between the third or fourth week of July 1980 until the weekend of August 8,

1980, and that she did not have intercourse with Mr. H. or with any other person for the remainder of the month of August. She specifically stated that on August 8, she spent the night with Mr. H. This was corroborated by her sister, Cheryl Morgan (Morgan). Ms. C. alleges that as a result of having intercourse with Mr. H. at that time, she conceived, missed her next menstrual period (August 25, 1980), and gave birth on May 31, 1981. Ms. C. consulted a doctor during the first week of September 1980, who informed her that she was pregnant.

The results of the blood tests performed on Ms. C., Mr. H. and the child were admitted into evidence without objection. The H.L.A. test established that there is a 99.98% probability that Mr. H. is the father. The parties stipulated that the tests were conducted properly and that the results were accurate.

The child was exhibited in the courtroom and Ms. C. pointed out that the child's nose and forehead were similar to Mr. H.'s. Photographs were also presented. The trial judge found no physical resemblance between the child and Mr. H.

At the conclusion of Ms. C.'s case, Mr. H. moved to dismiss the petition. Upon weighing the evidence, the court concluded that the blood test alone was insufficient evidence in Ms. C.'s favor and therefore dismissed. Ms. C. appeals from this determination.

Ms. C. contends that the trial court erred in dismissing the petition because her testimony alone is sufficient to make a prima facie case. She cites *Ritter v. Danbury,* 15 Md.App. 309, 290 A.2d 173 (1972) and *Kimble v. Keefer,* 11 Md.App. 48, 272 A.2d 668 (1971) in support. Ms. C. further argues that Morgan's testimony and the blood test corroborated her testimony and that she had a normal full term pregnancy, citing J. Frankel & R. Patterson, 5B *Lawyer's Medical Encyclopedia,* § 37.2a (1972).

In response, Mr. H. posits that the evidence of his paternity was speculative and did not meet the preponderance of

the evidence standard. He suggests that Ms. C.'s pregnancy lasted 9 months and 3 weeks and thus was not normal term. Because the child was born on May 31, 1981, the earliest Ms. C. could have conceived is the end of August, rather than on or about August 8, 1980. Further, Mr. H. argues that the blood test indicates that it is unlikely that he is the father. He asserts that the Maryland paternity statute in effect at the time this suit was instituted, Maryland Code (1957, Repl.Vol.1981) Art. 16 § 66G, provides that the blood test results can only be used to exclude him from paternity, and not as affirmative evidence.

## LAW

Maryland Rule 535 provides that in an action tried by the court without a jury, any party may at the close of the evidence offered by an opponent move for a dismissal on the ground that upon the facts and the law, the opponent has shown no right to relief. Md.Rule 535. In deciding a motion to dismiss under this rule, the trial judge must consider the evidence and all logical and reasonable inferences therefrom in the light most favorable to the non-moving party. *J. Whitson Rogers, Inc. v. Bd. of County Comm'rs,* 285 Md. 653, 402 A.2d 608 (1979). The trial judge may not weigh the evidence at that stage as though he was acting in his role as trier of fact. *Moy v. Bell,* 46 Md.App. 364, 416 A.2d 289 (1980), *cert. denied,* 288 Md. 740 (1980). To withstand a motion to dismiss, a party need only establish a prima facie case showing a right to relief. Md.Rule 535; *Snider Bros. v. Heft,* 271 Md. 409, 317 A.2d 848 (1974); *Davis Advisory Serv. Inc. v. Executive Staffing of Bethesda, Inc.,* 264 Md. 644, 288 A.2d 148 (1972).[1] The ultimate burden of

---

1. One reason given to support the approach of Rule 535 is that because there are times when the defendant's case actually strengthens the plaintiff's case, dismissal at this stage would be unfair to the plaintiff.

The Court of Appeals Standing Committee on Rules of Practice and Procedure has tentatively approved a proposed new rule which would bring Maryland into conformity with the Federal Rule. Under

persuasion in a paternity case, however, is upon the petitioner to establish by a preponderance of the evidence that the defendant is the father of the child in question. Maryland Code (1957, Repl.Vol.1981) Art. 16 § 66F(b); *Corley v. Moore,* 236 Md. 241, 203 A.2d 697 (1964); *Ritter v. Danbury, supra; Kimble v. Keefer, supra.*

Applying the above principles to this case we find that Ms. C.'s testimony, viewed in the light most favorable to her case, was that her act of sexual intercourse on or about August 8, 1980 caused the onset of pregnancy and that Mr. H., to the exclusion of all others, was the father. *Kimble v. Keefer, supra; Ritter v. Danbury, supra.*

Prior to the enactment of Chapter 784 of the 1982 Laws of Maryland, blood test results were admissible only to show that the putative father could be excluded from paternity. Maryland Code (1957, Cum.Supp.1982) Art. 16 § 66G; *Haines v. Shanholtz,* 57 Md.App. 92, 468 A.2d 1365 (1984). The present statute provides that blood test results are admissible into evidence where:

... definite exclusion is established and in cases in which exclusion is not established, if testing was sufficiently extensive to exclude 97.3 percent of putative fathers who

---

the proposed rule, when the defendant moves for judgment at the close of plaintiff's evidence in a case tried by the court, the court may act as the trier of fact and render judgment against the plaintiff. In all other circumstances, the court must still consider the evidence in the light most favorable to the non-moving party. Although the plaintiff may not have satisfied the ultimate burden of persuasion at the close of his evidence, the trial judge may change his mind after the plaintiff has cross-examined the defendant's witnesses and the judge has heard all the evidence. See Minutes of Meeting of the Ct. of App. Standing Comm. on Rules of Practice and Procedure (March 6 and 7, 1981) [hereinafter cited as Minutes].

A second reason is that justice might be sacrified in the interest of expediency, especially when a judge is faced with the prospect of a long defense presentation. *See* 9 C. Wright and A. Miller, Federal Practice and Procedure § 2371 at 225–27; Minutes, *supra.* Judges confronted with busy court calendars may be more inclined to grant a motion to dismiss where the plaintiff has only established a prima facie case, without weighing the plaintiff's evidence in light of the strengths or weaknesses of the defendant's case.

are not biological fathers, and the statistical probability of the alleged father's paternity is at least 97.3 percent.

Maryland Code (1957 Cum.Supp.1983) Art. 16 § 66G. When the blood test reports are admissible into evidence the statute further provides that they ". . . shall be accepted as prima facie evidence of the results of such tests." *Id.* Mr. H. argues that this test should not be considered in this case, as suit was filed prior to passage of the amendment.

The 1982 Amendment is procedural in nature, changing the evidentiary rule governing admissibility of the blood test results. *See Richardson v. Richardson,* 217 Md. 316, 320–21, 142 A.2d 550 (1958). The amendment does not modify the parties' substantive rights. Ordinarily, where a statute makes a change affecting procedure only, and not substantive rights, the change applies to all actions whether accrued, pending or future, unless a contrary intention is expressed. *Janda v. General Motors Corp.,* 237 Md. 161, 205 A.2d 228 (1964); *Richardson v. Richardson, supra.*

The instant case was instituted on May 11, 1981, and was pending on July 1, 1982, the effective date of the amendment. Therefore, the amended statute applies and the red cell and H.L.A. test results, which were admitted without objection, may be used as affirmative evidence of paternity. *See Haines v. Shanholtz, supra.* Results of these tests indicated that Mr. H. could not be excluded from being the putative father. The plausibility of paternity, or likelihood of paternity as a percentage, is 99.98% and the paternity index is 4850 to 1. N.J. Bryant, *Disputed Paternity,* 156 (1980). Under the statute, these test results are prima facie evidence that there is a 99.98% probability that Mr. H. is the father. Maryland Code (1957, Cum.Supp.1983) Art. § 66G; *see,* 9 Fam.L.Rep. 4009 (1983).

We do not discuss the computation of dates relied on by either party, as there was no medical evidence before the court on this subject.

We hold it was error for the trial court to weigh the evidence presented at this stage of the proceeding. *Moy v.*

*Bell, supra.* The blood test alone or Ms. C.'s testimony alone constitutes legally sufficient evidence to withstand the motion to dismiss. Md.Rule 535.

For the foregoing reasons, we conclude that the trial court's decision was erroneous, and therefore we reverse.

JUDGMENT REVERSED, REMANDED FOR FUR-THER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE.