RICHARDSON *v.* RICHARDSON

(Two Appeals In One Record.)

[No. 255, September Term, 1957.]

*Decided June 17, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Eugene A. Alexander, III,* with whom was *John B. Fox*
on the brief, for the appellant.

*Samuel S. Smalkin,* with whom were *Rollins, Smalkin,
Weston & Andrew* and *Ginsberg & Ginsberg* on the brief,
for the appellee.

BRUNE, C. J., delivered the opinion of the Court.

The appellee, Liwa Richardson, brought suit for a divorce
*a vinculo* against his wife, Lottie Blanche Richardson, the
appellant, in the Circuit Court No. 2 of Baltimore City on

May 21, 1957. On May 24th the defendant went to the Sheriff's office and accepted service of process, which was returnable on June 3, 1957. On the same day when she accepted service, she turned over to her counsel, John Brockenbrough Fox, Esq., a copy of the bill of complaint and summons, with instructions to him "to take care of them for [her]." The time for filing an answer expired on June 18th, and the next day, June 19th, 1957, the complainant obtained a decree *pro confesso* (Maryland Rule 310), and the case was referred to an Examiner-Master to take testimony. Depositions were taken and were filed on June 25th. The report of the Examiner-Master recommending that a divorce be granted was filed on July 5th.

On July 3rd, 1957, counsel for the appellant sent an answer, with a proposed form of order *nisi* for alimony *pendente lite* and a counsel fee attached, to the Clerk of the Court for filing. The Clerk declined to file it because of the outstanding decree *pro confesso* and telephoned the appellant's counsel to advise him of this fact. Counsel did not personally receive the call and states that he had no knowledge of it at that time because he was out of town. He also states that he mailed a copy of the answer to counsel for the appellee on July 3rd, and a certificate to that effect is appended to the answer. The appellee's counsel states very positively that he never received it.

On returning from a vacation trip, the appellant's counsel telephoned the Clerk's office on July 24th with regard to the status of the case and then learned that testimony had been taken and the case was awaiting a decree. On July 25th the appellant's counsel filed a petition to strike out the decree *pro confesso,* and an order *nisi* was filed thereon. The appellee answered the motion and a hearing was held on the matter before Judge Cullen on October 2nd, who on the 3rd signed an order denying the motion to strike. On October 7th, 1957, a decree of divorce *a vinculo* was entered, and the respondent appealed from the order and the decree.

The motion to strike the decree *pro confesso* filed by the appellant's counsel candidly laid the blame for the delay in filing the answer at his own door. The motion also asserted

that the respondent had a meritorious defense to the bill, but did not say what it was, nor did the appellant testify or succeed in testifying as to what it was. The hearing produced little information. Objections to a number of questions propounded by the appellant's counsel and intended to develop the respondent's desire to contest the suit and to show what her defense was, were sustained, apparently on the ground that they were leading. Her counsel made a "statement for the record," the substance of which is included in the above statement of facts.

Judge Cullen denied the motion to strike. Following counsel's "statement for the record" and his announcement that he wished to appeal, the Judge said: "You may do that. I want to say that under Rule 675 the request to strike out the decree *pro confesso* was not filed within 30 days. An answer was left with the Clerk, according to statement of counsel, and the Clerk states that counsel was notified there had been a decree *pro confesso* and that the answer could not be filed. The Court believes, from what it has heard, that there is no reason whatsoever why said decree should be stricken out, even in the absence of the Rule of Court."

The portions of Rule 675 a, here material, were derived in part from Sections 181 and 184 of Article 16 of the 1951 Code and in part from former General Equity Rule 16. Rule 675 a, 1 is derived from both of them. So is Rule 675 a 4 with regard to imposing conditions and requiring payment of costs as a condition to permitting a defense to be filed late. Rule 675 a 3 was taken from Equity Rule 16 and had no counterpart in Section 181 or 184 of Article 16. These Sections were repealed, along with a number of other procedural Sections of the Code which were superseded by the Maryland Rules, by Section 1 of Chapter 399 of the Acts of 1957, effective June 1, 1957.

Rule 675 a 1 reads as follows:

"Where a bill is taken *pro confesso,* a final decree may be entered at any time after the expiration of thirty days from the entry of the order of *pro con-*

*fesso,* if an answer or other defense is not interposed, and the allegations of the bill or petition present a proper case for relief."

Rule 675 a 3, as adopted to take effect January 1, 1957, read as follows (the square brackets being supplied) :

"At any time after [the passage of an interlocutory decree, and within thirty days from the date on which] a decree *pro confesso* shall have been entered, and before final decree, upon motion or upon its own initiative, the court may set aside the decree, and permit the filing of an answer or the interposing of other defense."

In accordance with a recommendation contained in the 13th Report of the Standing Committee on Rules of Practice and Procedure, Rule 675 a 3 was amended on September 26, 1957, by order of this Court, by deleting the words enclosed in square brackets. An explanatory note by the Committee stated that "This Rule is modified so that an answer may be permitted at any time before final decree where a decree *pro confesso* shall have been entered." It may also be observed that this amendment removed a possible inconsistency between paragraphs 1 and 3 of Rule 675 a.

It is perfectly clear that Rule 675 a 3 is a procedural rule. Ordinarily a change affecting procedure only, and not substantive rights, made by statute (and an amendment of the Maryland Rules has essentially the same effect) applies to all actions whether accrued, pending or future, unless a contrary intention is expressed. *Kelch v. Keehn,* 183 Md. 140, 144, 36 A. 2d 544; *Ireland v. Shipley,* 165 Md. 90, 98, 166 A. 593; *State v. Norwood,* 12 Md. 195. In the *Norwood* case, which was a suit on a bond, an objection to the admissibility of the bond in evidence was based upon the fact that it did not bear a revenue stamp. After the trial below the stamp act was repealed, and by the repealing statute bonds executed prior to the repeal but not stamped as required under the statute in force at the time of their execution were

validated. This Court reversed the judgment "so far as regards the refusal of the court to admit the bond in evidence because it was not stamped * * * although the stamp laws were not repealed until subsequently to the decision below." (P. 206). It was, of course, pointed out that the stamp act was a revenue measure for the benefit of the State and not of private litigants, but the effect of the decision was to hold admissible a document vital to the plaintiff's case which had been excluded on the statute law as it stood at the time of trial.

So, too, in *Southerland v. Norris*, 74 Md. 326, 22 A. 137, a statutory change in the rules of evidence with regard to the effect of removal from the State upon one's right to vote, was held not to deprive a voter of any vested right even though his removal had occurred before the statute was passed. Judge McSherry there said (74 Md. 328): "The right to have one's controversies determined by existing rules of evidence is not a vested right. These rules, like others affecting remedies, must at all times be subject to modification and control by the Legislature." (Under Article IV, Sec. 18A, of our Constitution, rules of practice and procedure may be amended by this court, and Rule 675 a 3 was so amended.) See also *Thomas v. Pennsylvania Railroad Co.*, 162 Md. 509, 160 A. 793; *Big Savage Refractories Corp. v. Geary*, 209 Md. 362, 121 A. 2d 212; and *Beechwood Coal Co. v. Lucas*, 215 Md. 248, 137 A. 2d 680; all of which involved procedural amendments to the Workmen's Compensation Law.

We think that in the present case the appellee had no vested right to the maintenance of any procedural rule affecting his case until the termination thereof, any more than the defendant in the *Norwood* case had a vested right to the maintenance until the end of litigation of a statutory rule relative to the admissibility of evidence. Indeed, we think the appellee's position is less strong here than in the *Norwood* case. The hearing on the motion to strike the decree *pro confesso* occurred after the amendment of Rule 675 a 3 had been made, though this amendment does not appear to have been taken into consideration at that time. (In view of the comparative shortness of time which had elapsed, it was probably not gen-

erally known then. It was published in the *Daily Record* of October 3, 1957, which happened to be the day on which the order denying the motion to strike was filed.) This case is not one in which the successful party in the trial court has a final and enrolled judgment and his adversary's right of appeal has expired by lapse of time. Cf. *Pumphrey v. Grapes,* 215 Md. 573, 138 A. 2d 916; *Baltimore Luggage Co. v. Ligon,* 208 Md. 406, 118 A. 2d 665.

Though many of the questions propounded by the appellant's counsel were leading, we think that the line was drawn rather too tightly in sustaining objections to questions designed to bring out the nature of the meritorious defense which the appellant claimed to have. Even in the case of a motion to strike out an enrolled decree (which we are not dealing with here), there is a tendency in divorce cases to be somewhat liberal in exercising discretionary power so as to permit the trial of the case on the merits. *Graham v. Graham,* 190 Md. 434, 448, 59 A. 2d 180.

The order dismissing the petition will be reversed in accordance with the above views and the decree of divorce entered on October 7th, 1957, will also be reversed and the case remanded in order that there may first be a determination of whether or not the defendant-appellant has a meritorious defense to present, and then, if she has such a defense, whether or not it should prevail.

It may be that upon a new hearing on the merits of the appellant's motion to strike that the Chancellor may conclude that the motion should not be granted. In that event, a decree of divorce such as that passed on October 7, 1957, could be entered without any further hearing, so far as we are presently advised. No objection was made in this Court to the correctness of the decree of divorce on the record before the court, except on the ground that the wife had been denied the opportunity to present her defense by reason of the ruling on the motion to strike the decree *pro confesso.*

If, on the other hand, the Chancellor should conclude that the motion should be granted and that the answer should be filed, the case would continue in ordinary course. Terms may

be imposed under Rule 675 a 4, as a condition of granting the motion.

*Order dated October 3rd, 1957, reversed; decree dated October 7th, 1957, reversed; and case remanded for further proceedings not inconsistent with this opinion; the costs of this appeal to be paid by the appellee.*