### IN RE: MICHAEL W.

[No. 291, September Term, 1982.]

*Decided December 8, 1982.*

The cause was argued before GILBERT, C. J., and MORTON and ALPERT, JJ.

*John L. Kopolow, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Patricia E. McDonald, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General,* and *Arthur A. Marshall, State's Attorney for Prince George's County,* on the brief, for appellee.

ALPERT, J., delivered the opinion of the Court.

In this appeal from the Circuit Court for Prince George's County (sitting as a Juvenile Court) the appellant is in effect claiming that the manner in which the court "summarily" [1] waived jurisdiction *summarily* denied him due process of law. He contends that the order waiving juvenile court jurisdiction [2] is void because it was the product of a proceeding at which appellant was denied his rights to (a) notice, (b) the assistance of counsel, and (c) personal presence. We agree and shall reverse the waiver order and remand this case to the Circuit Court for Prince George's County (sitting as a Juvenile Court) so that a waiver proceeding may be conducted wherein the juvenile is present, is provided with at least adequate notice and the right to counsel.

---

1. When the case came on for hearing in the Juvenile Court on February 1, 1982, the court stated:

> Michael's case has come to my attention, having been referred to the Master's Court, and I recognize his name. The court waived jurisdiction on Michael back in November, and for that reason, more than thirty days have expired, no appeal of that waiver was noted, so it seemed appropriate to waive summarily jurisdiction in Michael's case. He has made bond so we will direct a criminal bench warrant be issued, $5,000.

2. Md. Cts. & Jud. Proc. Code Ann. § 3-817 (1974, 1980 Repl. Vol.) provided as of February 1, 1982:

## Facts and Proceedings

On February 1, 1982, a delinquency petition was filed alleging that the appellant "became delinquent" as a result of certain acts committed the prior day. On February 1, 1982, a copy of this petition was served on appellant and his mother. By virtue of an "Advice of Rights" form dated February 1, 1982, they elected not to waive the right to counsel and chose to apply for representation by the Office of the Public Defender. That same form advised them that "[t]he next hearing will be a merits hearing on the 10th day

Waiver of jurisdiction.

(a) The court may waive the exclusive jurisdiction conferred by § 3-804 with respect to a petition alleging delinquency by:

(1) A child who is 15 years old or older, or

(2) A child who has not reached his 15th birthday, but who is charged with committing an act which if committed by an adult, would be punishable by death or life imprisonment.

(b) The court may not waive its jurisdiction until after it has conducted a waiver hearing, held prior to an adjudicatory hearing and after notice has been given to all parties as prescribed by the Maryland Rules. The waiver hearing is solely to determine whether the court should waive its jurisdiction.

(c) The court may not waive its jurisdiction unless it determines, from a preponderance of the evidence presented at the hearing, that the child is an unfit subject for juvenile rehabilitative measures. For purposes of determining whether to waive its jurisdiction, the court shall assume that the child committed the delinquent act alleged.

(d) In making its determination, the court shall consider the following criteria individually and in relation to each other on the record:

(1) Age of the child;

(2) Mental and physical condition of the child;

(3) The child's amenability to treatment in any institution, facility, or program available to delinquents;

(4) The nature of the offense and the child's alleged participation in it; and

(5) The public safety.

(e) If the jurisdiction is waived, the court shall order the child held for trial under the regular procedures of the court which would have jurisdiction over the offense if committed by an adult. The petition alleging delinquency shall be considered a charging document for purposes of detaining the child pending a bail hearing.

(f) An order waiving jurisdiction is immediately appealable.

(g) If the court has once waived its jurisdiction with respect to a child in accordance with this section, and that child is subsequently brought before the court on another charge of delinquency, the court may waive its jurisdiction in the subsequent proceeding after summary review.

of February, 1982, at 9:30 A.M. before Judge Ross in Courtroom 10; RETURN WITHOUT FURTHER NOTICE."

At 3:18 P.M. on February 1, 1982, the matter "came on for hearing" in the Juvenile Court (1) without written notice to the appellant or his mother, (2) without the presence of the appellant, and (3) without the presence of counsel.

## Due Process and Summary Waiver

Appellant urges that while the Juvenile Court may summarily waive jurisdiction without a "full-blown waiver hearing" when there has been a prior waiver by the juvenile court [3], fundamental principles of due process require certain procedural safeguards. We agree. In *Kent v. United States,* 383 U.S. 541, 556-57 (1966), Mr. Justice Fortas speaking for the Supreme Court stated:

> It is clear beyond dispute that the waiver of jurisdiction is a critically important action determining vitally important statutory rights of the juvenile. . . The Juvenile Court is vested with 'original and exclusive' jurisdiction of the child. This jurisdiction confers special rights and immunities. He is, as specified by the statute, shielded from publicity. He may be confined, but with rare exceptions he may not be jailed along with adults. He may be detained, but only until he is 21 years of age. . . The child is protected against consequences of adult conviction such as the loss of civil rights, the use of adjudication against him in subsequent proceedings and disqualification for public employment. . . The net, therefore, is that petitioner — then a boy of 16 — was by statute entitled to certain procedures and benefits as a consequence of his statutory right to the "exclusive" jurisdiction of the Juvenile Court. In these circumstances, considering particularly that decision as to waiver of jurisdiction and trans-

---

**3.** In Re Ricky B., 43 Md. App. 645, 649, 406 A.2d 690 (1979); *see also* Matter of Toporzycki, 14 Md. App. 298, 287 A.2d 66 (1972).

fer of the matter to the District Court was potentially as important to petitioner as the difference between five years' confinement and a death sentence, we conclude that, as a condition to a valid waiver order, petitioner was entitled to a hearing, including access by his counsel to the social records and probation or similar reports which presumably are considered by the court, and to a statement of reasons for the Juvenile Court's decision. We believe that this result is required by the statute read in the context of constitutional principles relating to due process and the assistance of counsel.

The Maryland statute and rules provide for counsel at every stage of the proceedings, Md. Cts. & Jud. Proc. Code Ann. § 3-821 (1974, 1980 Repl. Vol.) and Md. R. 906 (a). Counsel was not present at the "summary waiver" proceeding nor was presence of counsel waived. At a minimum due process requires "that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for a hearing appropriate to the nature of the case." *Goss v. Lopez,* 419 U.S. 565, 579 (1975).

Obviously, the summary review provisions of Md. Cts. & Jud. Proc. Code Ann. § 3-817 (g) (1974, 1980 Repl. Vol.) and Md. R. 913(e) contemplate dispensing with the "full blown waiver hearing." As the Supreme Court did in *Kent,* we must read the statute and rule "in the context of the constitutional principles relating to due process." *Kent,* 383 U.S. 541 at 557. The statute provides that "the court may waive its jurisdiction in the subsequent proceeding after summary review" whereas the rule authorizes the court to waive its jurisdiction after summary review and *without a hearing.* Interpreting Md. R. 913 in the light of the due process clause, we hold that although the "full blown waiver hearing" (referred to in *In Re Ricky B., supra,* n.3) is not required, summary review may only be conducted in a proceeding in which the juvenile is provided at least with

adequate notice, the right to counsel and the right to be present.[4]

### Change in the Law Pending the Appeal

On appeal, the appellee does not address the summary waiver issue but instead urges that this court dismiss the appeal pursuant to Md. R. 1035 (b) (1) and 1036 (d). It is undisputed that by 1982 Md. Laws ch. 792, an order waiving juvenile jurisdiction is now interlocutory. This change in the law became effective July 1, 1982. The appeal in the instant case was filed four months and eleven days earlier on February 17, 1982. The appellee contends that the matter of when the appeal can be noted is procedural, and the statute is therefore retroactive and applicable to the instant case. Thus, appellee urges that this appeal is not properly before this court at this time and should be dismissed.

While ostensibly there may be support for appellee's position, *see, e.g., Aviles v. Eshelman Elec. Corp.,* 281 Md. 529, 379 A.2d 1227 (1977); *Janda v. General Motors,* 237 Md. 161, 205 A.2d 228 (1964); *Thomas v. Penna R. Co.,* 162 Md. 509, 160 A. 793 (1932); *Suggs v. State,* 52 Md. App. 287, 449 A.2d 424 (1982); 4 C.J.S. Appeal and Error § 5, we take notice of the words of Judge Wilner, who so aptly stated for this court in *T&R Joint Venture v. Office of Planning and Zoning,* 47 Md. App. 395, 405 n.5, 424 A.2d 384, 389 n.5 (1980):

> There have been literally dozens of cases in which the Court has been faced with the question of whether to apply an intervening change in the law to a pending case. Some of the decisions are not easy to reconcile, and thus the diligent lawyer or judge can easily find some authority for both sides of the proposition.

---

4. See Md. R. 910 (b). There is merit in appellant's argument that ". . . his [the child's] very appearance and demeanor may be relevant to that determination [the child's future for juvenile rehabilitation measures]."

In the instant appeal, we are persuaded that the intervening change in the statute before us should not be given retroactive effect to an appeal perfected before the effective date of the change in the statute. Appellee's reliance on *Janda, supra,*[5] is misplaced. In *Luxmanor Citizens Assoc., Inc. v. Burkart,* 266 Md. 631, 296 A.2d 403 (1972), the Court of Appeals, citing *Janda,* observed:

> This court has decided that a legislative change in the law in regard to procedure, rather than in regard to substance, will be applied to matters and *proceedings taking place after the effective date of the change in the law...* (emphasis supplied).

266 Md. at 644-45, 296 A.2d at 410. Quoting *Beachwood Coal Co. v. Lucas,* 215 Md. 248, 254, 137 A.2d 680, 683 (1958), the Court continued:

> Where the effect of the new statute is not to impair existing substantive rights but only to alter the procedural machinery involved in the enforcement of those rights, such legislation is usually construed *as operating on all proceedings instituted after its passage,* whether the right accrued before or after that date (emphasis supplied).

266 Md. at 644-45, 296 A.2d at 410. *See also, Russell v. Pacific Maritime Assoc.,* 9 Or. App. 402, 496 P.2d 252 (1972); 4 C.J.S. Appeal and Error § 5. It should be noted that *Luxmanor* construed *Janda* and *Richardson v. Richardson,* 217 Md. 316, 142 A.2d 550 (1958) (relied on by the *Janda* court) as being to the same effect. *Accord, Ireland v. Shipley,* 165 Md. 90, 166 A. 593 (1933); *Kelch v. Keehn,* 183 Md. 140, 36 A.2d 544 (1944).

---

5. In *Janda,* the Court of Appeals, quoting Richardson v. Richardson, 217 Md. 316, 320, 142 A.2d 550 (1958), commented, "Ordinarily a change affecting procedure only, and not substantive rights, made by statute (and an amendment of the Maryland Rules has essentially the same effect) applies to all actions [and matters] whether accrued, pending or future, unless a contrary intention is expressed. 237 Md. at 168, 205 A.2d at 232. *Janda* is the only authority cited in appellee's brief in support of a retroactive application of the change in the statute.

2 Sutherland, *Statutes and Statutory Construction,* 4th ed. § 41.04 at 253-54 lends even further support to prospective application to the instant statutory change:

> Where a statute affects inchoate rights or is remedial in nature, it will be construed retroactively if the legislative intent clearly indicates that retroactive operation is intended. Likewise, where a new statute deals only with procedure, prima facie it applies to all actions — to those which have accrued or are pending, and to future actions. But steps already taken, including pleadings, and *all things done under the old law continue effective, unless an intent to the contrary is plainly manifested.* Absent a clearly expressed legislative purpose to the contrary, pending cases are only affected as to future proceedings from the point reached when the new law becomes operative. (emphasis supplied) (footnotes omitted).

Accordingly, since the instant appeal was perfected before the legislative change became effective, we choose to give prospective, rather than retroactive, effect to that change.

No Maryland case has ever construed a statute or rule as divesting a party of his right to appeal where that appeal was timely filed before the effective date of the change in the statute or rule. Indeed no Maryland case has ever construed a statute or rule as deferring an appeal where that appeal was timely filed before the effective date of the change in the statute or rule.

In *Goldston v. Karukas,* 180 Md. 232, 235, 23 A.2d 691, 692 (1942), the Court of Appeals, in holding that the General Rules of Practice and Procedure would be given a prospective effect from their September 1, 1941 effective date, offered further support for the result we reach herein:

> The rule that all laws have a prospective effect unless the language employed indicates a contrary intention on the part of the legislature is here applicable, as retroactive statutes are not favored

even when they do not conflict with vested or other rights guaranteed by the Constitution. And where a statute is susceptible of a prospective construction, it is the policy of the Courts to declare it to be such rather than retroactive, especially if by the latter manifest injury may be done. Nothing appears in the rule from which it could be concluded that it is intended to have a retroactive effect. To hold otherwise would be equivalent to altering the preexisting condition of the parties and would interfere with their antecedent rights. (citations omitted).

It is reasonable to assume that when the legislature passed the statute in question they were aware that appeals might be pending under the prior statute. Had the legislature intended a retroactive application of the change in the statute, it could have and would have expressly so provided. As we stated in *Athanason v. Athanason,* 48 Md. App. 231, 233, 426 A.2d 16 (1981):

The well-known "cardinal rule" to be followed in applying a statute is to ascertain and effectuate the real legislative intent. In seeking to determine the legislative intent, we first look to the language of the statute itself. If the words contained therein are plain and unambiguous, and if they express a definite and sensible meaning, then their meaning is conclusively presumed to be that intended by the Legislature. . .

The act in question simply states that "An order waiving jurisdiction [which was prior to July 1, 1982 immediately appealable] is interlocutory" and that it "shall take effect July 1, 1982". Thus the plain and simple meaning of those words was that orders filed on or after July 1, 1982 waiving jurisdiction were no longer immediately appealable but were interlocutory. There is no plain manifestation of a contrary intent.

As the appeal is properly before us, we decline dismissal

and reverse the order of the Circuit Court for Prince George's County (sitting as a Juvenile Court).

> *Order waiving juvenile jurisdiction reversed and case remanded for further proceedings; costs to be paid by Prince George's County.*