740 A.2d 593

**Eugene A. CONTI, Jr., Secretary of the Department of Labor, Licensing and Regulation**

v.

**BOARD OF APPEALS OF the DEPARTMENT OF LABOR, LICENSING AND REGULATION, et al.**

**No. 20, Sept. Term, 1999.**

Court of Appeals of Maryland.

Nov. 10, 1999.

Jessica V. Carter, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. of Maryland, on brief), Baltimore, for Appellant.

Peter E. Keith (Gallagher, Evelius & Jones, LLP, on brief), Baltimore, for Appellees.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, RAKER, WILNER, CATHELL, and ROBERT L. KARWACKI (retired, specially assigned), JJ.

PER CURIAM.

This appeal involves a dispute between the Board of Appeals of the Department of Labor, Licensing, and Regulation, a unit within that department, and the Secretary of the department.

Following an audit, the Secretary, in accordance with Maryland Code, § 8–602(a) of the Labor and Employment Article, determined that certain sales agents of America's Energy Savers Home Improvement, Inc. were covered employees for purposes of the Unemployment Insurance Law rather than independent contractors. The company appealed that decision to the Board of Appeals, which held that the sales agents were independent contractors and thus reversed the decision of the Secretary. The Secretary, who is responsible for assessing and collecting contributions by employers to the Unemployment Insurance Fund, was a statutory party to the proceeding before the board. § 8–602(c). Aggrieved by the board's decision, the Secretary sought judicial review of it in the Circuit Court for Baltimore City. Upon the board's motion, the court dismissed the Secretary's petition, holding that the Secretary had no standing to seek judicial review. The Secretary appealed that judgment to the Court of Special Appeals, and, on our own initiative, we granted *certiorari* to consider what we thought was an important public issue.

As it turns out, the issue that we thought was important is not only not important but it is not even necessary to address it in this case. By 1998 Maryland Laws, chapter 499, the General Assembly amended § 8–512 of the Labor and Employment Article to make clear the Secretary's right to seek judicial review of a board decision. The board concedes the power of the Secretary to seek judicial review of its decisions from and after June 1, 1998—the effective date of chapter 499—but it continues to argue that he had no such authority in this case.

The board is wrong. Although the Secretary's petition for judicial review was filed in October, 1997, the judgment of the court dismissing the petition for lack of standing was not filed until June 30, 1998, by which time the new law had taken effect. When the court dismissed the petition, therefore, the Secretary clearly and undisputedly had standing to seek judicial review. As any lack of standing on the part of the Secretary would have been procedural only, and as such lack, if there was one, was cured by the amendment while the petition was still pending before the court, the judgment was in error. *Starfish Condo. v. Yorkridge Serv.*, 295 Md. 693, 704–09, 458 A.2d 805, 810–13 (1983); *Richardson v. Richardson*, 217 Md. 316, 142 A.2d 550 (1958). Accordingly, we shall vacate the judgment of the circuit court and remand for further proceedings on the Secretary's petition.

JUDGMENT VACATED; CASE REMANDED TO CIRCUIT COURT FOR BALTIMORE CITY FOR FURTHER PROCEEDINGS; COSTS TO BE PAID BY APPELLEE.